UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, et al.,<br><br>  Plaintiffs<br><br>v.<br><br>FORSMAN, INC., et al.,<br><br>  Defendants | 2:13-cv-01456-JAD-GWF<br><br>**Order Granting Motion for Summary Judgment**<br><br>[ECF 45] |

The plaintiff trustees of several trusts ("Trustees")[1] sue Forsman, Inc., Horizon Surveys, LLC ("HSL"), John Forsman, Pamela L. Forsman, and Ryan Sligar for breach of contract and breach of fiduciary duty in this ERISA case.[2] HSL and Sligar move for summary judgment in their favor on all of the Trustees' claims against them. I find that HSL has met its burden to show that no genuine issue of material fact exists to maintain the Trustees' breach-of-contract claims, even under the theory of alter ego or successor liability, and I conclude that HSL is entitled to judgment as a matter of law on each of those claims. I also find that Sligar has met his burden to show the absence of a genuine issue of material facts supporting the Trustees' theory that Sligar owed and breached a fiduciary duty under ERISA, and I conclude that Sligar is entitled to judgment as a matter of law on that claim. The Trustees, however, have not met their burden to establish that there is a genuine issue for trial on any of their claims against HSL or Sligar. I thus grant HSL and Sligar's motion in its entirety.

---

[1] Trustees of the Operating Engineers Pension Trust; Trustees of the Operating Engineers Health and Welfare Fund; Trustees of the Operating Engineers Journeyman and Apprentice Training Trust; and Trustees of the Operating Engineers Vacation-Holiday Savings Trust.

[2] ECF 32. John and Pamela Forsman were voluntarily dismissed from this action under FRCP 41(a), ECF 11, but they were renamed in the Trustees' first amended complaint and have been personally served with that pleading. ECF 36; ECF 37. John and Pamela Forsman and Forsman, Inc. have not responded to the Trustees' complaint; default has been entered only against Forsman, Inc. ECF 17.

## Background

HSL and Sligar move for summary judgment in their favor on the Trustees' claims for: (1) breach of contract against HSL for unpaid contributions; (2) breach of contract against HSL under the theory that it is the alter ego of, or successor to, Forsman, Inc., which did business as Horizon Surveys and was also known as Horizon Surveys, Inc. (collectively as "HSI"); (3) breach of contract against HSL for failure to allow audit; (4) violation of 29 U.S.C. § 1145 against HSL; and (5) breach of ERISA fiduciary duty against Sligar.[3] HSL argues that summary judgment is warranted because there is no evidence of a contractual relationship between it and the Trustees, nor is there any evidence that HSL is the alter ego of, or successor to, Forsman, Inc. Sligar argues that he is entitled to summary judgment in his favor because, although he was an employee of HSI, there is no evidence that he had discretionary authority or control over the management or disposition of the assets of any plan associated with HSI.

The Trustees respond that, after conducting discovery in this case, they determined that HSL is not the alter ego of, or successor to, HSI, nor does HSL owe any fringe-benefit contributions to the trusts.[4] The Trustees are silent regarding Sligar, but they ask me to deny HSL and Sligar's motion regardless, arguing that the Trustees have prevailed on their causes of action to compel an audit pursuant to the "Agreement and ERISA."[5]

## Discussion

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."[6] A party seeking summary judgment bears the initial burden of informing the court of the portions of the pleadings

---

[3] ECF 45.

[4] ECF 46 at 3:8–15.

[5] ECF 46 at 4:14–17, 5:09–10.

[6] Fed. R. Civ. P. 56(a).

and discovery that demonstrate the absence of a genuine issue of material fact.[7] "A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[8] If reasonable minds could differ on the material facts at issue, summary judgment is not appropriate because the purpose of summary judgment is to avoid unnecessary trials when the facts are undisputed.[9]

A party seeking to either support or refute the assertion that a fact is genuinely in dispute must do so with admissible evidence.[10] "If the moving party has not fully discharged this initial burden of production, its motion for summary judgment must be denied, and the Court need not consider whether the moving party has met its ultimate burden of persuasion."[11] But when the moving party meets its initial burden on a summary-judgment motion, the "burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial."[12] This means that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[13] The nonmoving party may not rely on the mere allegations in the pleadings, but instead "'must set forth specific facts showing that there is a genuine issue for trial.'"[14]

---

[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[8] *California v. Campbell*, 319 F.3d 1161, 1166 (9th Cir. 2003); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

[9] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *Nw. Motorcycle Assn. v. U.S. Dept. of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[10] FED. R. CIV. P. 56(c)(1); FED. R. EVID. 901; *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002).

[11] FED. R. CIV. P. 56(c)(1).

[12] *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).

[13] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[14] *Porter v. Cal. Dept. of Corr.*, 419 F.3d 885, 891 (9th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)).

**A.    The Trustees' breach-of-contract claims against HSL fail as a matter of law.**

The Trustees' first, third, and fourth claims allege that HSL breached contractual obligations that HSL owed to the Trustees or the participants and beneficiaries in the trusts' plans.[15] To prevail on a claim for breach of a written contract under Nevada law, the Trustees must establish the existence of a valid agreement between them and HSL, a material breach by HSL, and damages.[16] My analysis for these claims starts and ends at the first element.

HSL argues that the only evidence that the Trustees produced in discovery to establish the existence of a valid agreement between them and HSL is the Field Survey Agreement for Southern Nevada (the "Agreement").[17] The Agreement was entered into on June 29, 2007, between "Horizon Surveys" as the "Employer" and the "International Union of Operating Engineers, Local Union No. 12" as the "Union."[18] The Agreement was signed by John E. Forsman as president of "Horizon Surveys" and identifies 9901 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144 as the business address for that entity.[19]

It might appear at first blush that the "Horizon Surveys" in the Agreement and the Horizon Surveys, LLC in this case—HSL—are one and the same, but the evidence shows otherwise. According to the certified copy of HSL's limited liability company charter from the Nevada Secretary of State, HSL was not formed until September 27, 201**2**,[20] more than five years after the Field Survey Agreement was executed. This evidence is buttressed by Ryan Sligar's deposition testimony that: (1) Sligar is the sole owner and member of HSL[21]; (2) John Forsman

---

[15] ECF 32 ¶¶ 19–32, 44–57.

[16] *See Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987) (per curiam).

[17] *See* ECF 45-1 at 52 (Trustee's response to HSL and Sligar's request to produce No. 21).

[18] ECF 45-1 at 10.

[19] ECF 45-1 at 29.

[20] ECF 45-1 at 31.

[21] ECF 45-1 at 35–36 (12:25–13:10 of the transcript).

did become an employee of HSL, but not until July 2013,[22] and Forsman's position with HSL is not as president, but as a "mapper" who uses the "AutoCAD" program to draw survey maps[23]; and (3) HSL has never operated out of 9901 Covington Cross Drive, Suite 120, Las Vegas, Nevada 89144.[24] The Trustees do not refute any of this evidence and, in fact, admit that HSL at no time agreed to be bound by the terms of the Agreement or the trust agreements establishing the plaintiff trusts.[25] It thus appears that John Forsman executed the Agreement on behalf, and in his capacity as president, of Horizon Surveys, **Inc.**, not Horizon Surveys, **LLC**.

Because there is no evidence that a contractual relationship exists between the Trustees and HSL, I find that no reasonable juror could return a verdict for the Trustees on their breach-of-contract claims, and I conclude that HSL is entitled to judgment as a matter of law on each of those claims. Summary judgment is granted in HSL's favor on the Trustees' first, third, and fourth claims.

**B.    No evidence supports the Trustees' alter-ego or successor-liability theory.**

The Trustees' second claim seeks to hold HSL liable for breach of contract under the theory that HSL is the alter ego of, or successor to, HSI.[26] "An employer is a successor if there is substantial continuity between the new and old employer."[27] In determining if there is substantial continuity, courts examine whether both employers essentially have the same business; did the same jobs in the same working conditions and under the same supervisors; and have the same

---

[22] ECF 45-1 at 38 (24:15–18 of the transcript).

[23] ECF 45-1 at 39 (28:14–21 of the transcript).

[24] *See* ECF 45-1 at 37–38 (20:25–21:14 of the transcript).

[25] ECF 45-1 at 66–67 (Trustee's responses to HSL and Sligar's request to admit Nos. 3, 4).

[26] ECF 32 at ¶¶ 33–43.

[27] *New England Mech., Inc. v. Laborers Local Union 294*, 909 F.2d 1339, 1342 (9th Cir. 1990) (citing *Fall River Dyeing & Finishing Corp. v. N.L.R.B.*, 482 U.S. 27, 43 (1987)).

production processes, products, and body of customers.[28] "An employer will be bound to the substantive terms of a prior [collective bargaining agreement] if the successor employer is merely the alter ego of the predecessor employer" or "if its actions indicated an intent to be bound."[29] The new employer is merely the alter ego of the predecessor if "the difference between the two entities is based on technical structure rather than an actual change in ownership or management."[30] Relying on Sligar's deposition testimony, HSL argues that there is no evidence supporting the Trustees' theory that HSL is the alter ego of, or successor to, HSI.

Sligar testified in deposition that he formed HSL in September 2012 with his own funds and with the help of a lawyer that he retained.[31] Sligar had the idea to form HSL when it became apparent that his then employer, HSI, was going out of business.[32] Sligar was emphatic that, while John Forsman owned HS**I**,[33] Sligar is the founder and sole owner and member of HS**L**.[34] Sligar also testified that he is the only supervisor at HSL.[35] According to Sligar, John Forsman did become an employee of HSL, but not until July 2013,[36] and Forsman's position with HSL is not in a supervisory, managerial, or ownership capacity, but as a mapper.[37] Before forming HSL,

---

[28] *Id.* (quoting *Fall River*, 482 U.S. at 43).

[29] *New England Mech., Inc.*, 909 F.2d at 1343 (collecting cases).

[30] *Id.* (citing *Sheet Metal Workers Intl. Assn., Local No. 359 v. Ariz. Mech. & Stainless, Inc.*, 863 F.2d 647, 651 (9th Cir. 1988)).

[31] ECF 45-1 at 35 (12:7–24 of the transcript).

[32] ECF 45-1 at 36 (13:14–20 of the transcript).

[33] ECF 45-1 at 36 (13:25–14:02 of the transcript).

[34] ECF 45-1 at 35–36 (12:25–13:10 of the transcript).

[35] ECF 45-1 at 39 (25:02–26:23 of the transcript).

[36] ECF 45-1 at 38 (24:15–18 of the transcript).

[37] ECF 45-1 at 39 (28:14–21 of the transcript).

Sligar and Forsman did not have an agreement that Sligar would hire Forsman.[38] Sligar testified that he formed HSL himself, from the ground up, and without assistance from John or Pamela Forsman.[39] Sligar further testified that, although the work that HSL performs is somewhat similar to the work that HSI performed, it is not essentially the same business because HSL is focused on residential surveying while the bulk of HSI's work was construction-type surveying.[40] As a result, HSL does not have the same body of customers as HSI.[41] The Trustees do not dispute any of Sligar's testimony.

I find that there is an absence of evidence in the record supporting the Trustees' theory that HSL is an alter ego of HSI, and I conclude that the change between HSI and HSL was a complete change in ownership and management, not merely a technical change. I also find that no genuine issue of material fact exists to maintain the Trustees' theory that HSL is a successor to HSI, and I conclude that there is no substantial continuity between HSI and HSL. HSL would,

---

[38] ECF 45-1 at 38–39 (24:24–25:01 of the transcript).

[39] ECF 45-1 at 36 (16:1–11 of the transcript) (Sligar obtained a federal tax-identification number for HSL and has prepared and filed taxes for HSL since that entity's formation); ECF 45-1 at 36–37 (16:24–18:1 of the transcript) (HSL has its own checking account, Sligar is the only person authorized to sign checks from that account, and HSL's payroll has only ever come from that account); ECF 45-1 at 37 (18:2–21 of the transcript) (since its formation, HSL has maintained a workers-compensation policy through The Hartford, which Sligar chose because it was associated with his accounting program, and has maintained a business-liability insurance policy through Holland Company, which Sligar chose after an online search); ECF 45-1 at 37 (18:24–20:24 of the transcript), 40 (30:20–31:19 of the transcript) (HSL's equipment came either from Sligar's personal equipment or was purchased by HSL).

[40] ECF 45-1 at 39 (27:13–28:02 of the transcript) (HSL bid on a few of the same jobs that HSI also bid on, but never took over on a project that HSI received); ECF 45-1 at 39–40 (28:22–29:23 of the transcript) (HSL performs some of the work that HSI performed—like boundary and topographic projects—but HSI mostly did construction-type survey projects, which HSL only recently did for a single project; HSL mainly does residential surveying projects).

[41] When HSI ceased operations, Sligar did obtain that entity's phone number from Cox Communications, and Sligar did choose a name nearly identical to Horizon Surveys, Inc. for his entity, but he testified that he did so in an effort for name recognition, yet soon discovered that neither produced clients for HSL. *See* ECF 45-1 at 38 (21:15–23:05 of the transcript).

regardless, still be entitled to judgment in its favor even if I were to find that HSL was a successor to HSI because none of the evidence shows that HSL intended to be bound by any labor agreement.[42] I therefore grant summary judgment in HSL's favor on the Trustees' second claim for relief.

### C. The Trustees' claim against Sligar for breach of ERISA fiduciary duty likewise fails as a matter of law.

The Trustees' fifth and final claim for relief alleges that Sligar breached fiduciary duties that he owned under ERISA to the Trustees and the participants and beneficiaries of their trusts' plans. Under ERISA, "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each breach. . . ."[43] ERISA defines a fiduciary as a person who exercises discretionary authority or control over the management of the plan or the plan's assets.[44]

Sligar's undisputed deposition testimony establishes that he was employed by HSI initially as a drafter and, once he obtained his license, as a professional land surveyor.[45] Sligar also testified that when he was employed at HSI, he did not have the authority to direct the work of the other employees or to hire or fire employees.[46] The Trustees do not point to any evidence that Sligar was an owner, manager, or officer of HSI or otherwise had discretionary authority or

---

[42] *See New England Mech., Inc.*, 909 F.2d at 1343 (collecting cases). Indeed, the Trustees have admitted "that HSL did not at any time affirmatively recognize Local 12 as a authorized representative of its employees or agree to be bound by the terms of" the Agreement, and they also admitted "that HSL did not at any time affirmatively agree to be bound by they terms and conditions of the Trust agreements establishing the Plaintiff Trusts." ECF 45-1 at 66–67 (Trustees' response to HSL and Sligar's request to admit Nos. 3, 4).

[43] 29 U.S.C. § 1109(a).

[44] *See* 29 U.S.C. § 1002(21)(A).

[45] ECF 45-1 at 35 (10:16–11:4 of the transcript).

[46] ECF 54-1 at 40 (29:24–30:12 of the transcript).

control over the management of any plan or plan assets associated with HSI.  And the Trustees have admitted that they have no direct evidence that Sligar ever held an ownership interest in HSI.[47]  Based on the record, it does not appear that Sligar had—or was even in a position to have—discretionary authority or control over the management of any plan or plan assets associated with HSI.  I therefore find that Sligar does not qualify as a fiduciary for ERISA purposes as a matter of law.  Sligar's motion is thus granted as to the Trustees' fifth claim, too.

**D.    The Trustees have not prevailed on a claim to compel an audit.**

The Trustees have conceded or failed to address the facts and authorities raised in HSL and Sligar's motion.  But the Trustees still ask me to deny that motion, arguing that they "have prevailed on their causes of action to compel an audit pursuant to the Agreement and ERISA."[48]  The Trustees' argument is confusing because they have not actually alleged a cause of action seeking to compel an audit under ERISA or any agreement.  Regardless, I have already found that HSL does not owe the Trustees a contractual obligation under any theory, and that Sligar is not an ERISA fiduciary.  It might have required discovery in litigation for the Trustees to recognize that HSL and Sligar are not liable to them, but that does not mean summary judgment is not warranted.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **Horizon Surveys, LLC and Ryan Sligar's motion for summary judgment [ECF 45] is GRANTED.**  Summary judgment is entered in favor of Horizon Surveys, LLC and Ryan Sligar on all claims against them.

IT IS FURTHER ORDERED that **the Trustees must file a status report by March 11, 2016,** indicating how they intend to proceed against the remaining defendants: John Forsman, Pamela Forsman, and Forsman, Inc.

DATED: February 16, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[47] ECF 45-1 at 70 (Trustees' response to HSL and Sligar's request to admit No. 16).

[48] ECF 46 at 5.