UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Trustees of the Operating Engineers Pension Trust, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>Forsman, Inc., et al.,<br><br>    Defendants | 2:13-cv-01456-JAD-GWF<br><br>**Order Denying Motion for Attorney's Fees and Denying Motion to Strike as Moot**<br><br>[ECF Nos. 52, 57] |

    The plaintiff trustees of several trusts ("Trustees") sued Forsman, Inc., Horizon Surveys, LLC ("HSL"), John Forsman, Pamela L. Forsman, and Ryan Sligar for breach of contract and breach of fiduciary duty under ERISA. On February 16, 2016, I granted HSL and Sligar's motion for summary judgment, and these defendants now move for attorney's fees.[1] The Trustees oppose the defendants' request[2] and move to strike portions of their reply brief.[3] I deny the defendants' motion for fees because they have not carried their burden to show that fees are justified in this case, I disregard their attempt to remedy that deficiency with their reply, and I deny the motion to strike as moot.[4]

**Discussion**

    Defendants move for costs under Federal Rules of Civil Procedure 54(d)(1) and 68(d) and for attorney's fees under FRCP 11, 29 U.S.C. § 1332(g)(1), and the Nevada Rules of Professional Conduct. I deny as moot defendants' request for $2,574.66 in costs because the Clerk has already taxed these costs against the Trustees.[5] This leaves only the defendants' request for $71,436.21 in

---

[1] ECF No. 52.

[2] ECF No. 53.

[3] ECF No. 57.

[4] I find these motions suitable for disposition without oral argument. L.R. 78-2.

[5] ECF No. 55 (Costs taxed in the amount of $2,574.66 against plaintiffs); ECF No. 51 (defendants' unobjected-to bill of costs).

1  fees for me to consider. Neither FRCP 11 nor the Nevada Rules of Professional Conduct is an
2  appropriate basis for an award of attorney's fees. The defendants did not comply with the procedural
3  requirements for seeking Rule 11 sanctions,[6] and the Nevada Rules of Professional Conduct are not a
4  fee-shifting statute.[7] The only colorable basis for awarding attorney's fees that the defendants have
5  identified is thus ERISA's fee provision, and defendants' failure to undertake an analysis of the
6  relevant authority in the motion leaves me unconvinced that fees are warranted.

**A.  Attorney's fees under 29 U.S.C. § 1132(g)(1)**

The American Rule recognizes that each party in litigation must bear its own attorney's fees in the absence of a rule, statute, or contract authorizing an award of fees.[8] ERISA is a fee-shifting statute; it allows a court to award "a reasonable attorney's fee and costs of the action"[9] to a party that has achieved some degree of success on the merits of the claim.[10] Once a court makes the threshold determination that the moving party has achieved some success on the merits, it must consider the five factors outlined by the Ninth Circuit in *Hummel v. S.E. Rykoff & Co.* to determine whether an award of fees is warranted:

---

[6] FED. R. CIV. PROC. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . .").

[7] The provisions that the defendants cite simply require that the contingent-fee agreement notify the client that, under certain circumstances, he or she may be liable for the opposing party's attorney's fees and costs in the event of a loss.

[8] *MRO Commc'n Inc. v. Tel. & Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999).

[9] 29 U.S.C. § 1332(g)(1).

[10] *Hardt v. Reliance Standard Ins. Co.*, 560 U.S. 242, 244–45 (2010).

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.[11]

The Ninth Circuit has recognized that, although § 1332(g)(1) allows defendant-employers to recover attorney's fees, these factors very frequently counsel against awarding attorney's fees against ERISA plaintiffs.[12]

In their opposition, the Trustees quickly point out that, except for bad faith, albeit in a different context, the defendants failed to address any of the *Hummel* factors. The defendants attempt to cure this fatal defect by addressing—for the first time—these factors in their 37-page reply brief. Courts have consistently declined to consider arguments that are raised for the first time in reply and I do the same.[13] By discussing these factors for the first time in their reply brief, defendants have deprived the Trustees of their opportunity to fully respond to them, so I disregard the reply brief. I thus deny as moot the Trustees' motion to strike the portions of the defendants' reply brief discussing these factors. Because the defendants failed to carry their burden to show that the *Hummel* factors warrant an award of attorney's fees in their motion, I deny their motion.[14]

---

[11] *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980).

[12] *Carpenters S. Cal. Admin. Corp. v. Russel*, 726 F.2d 1410, 1416 (9th Cir. 1983).

[13] *See e.g. FT Travel–New York, LLC v. Your Travel Center, Inc.*, 112 F. Supp. 3d 1063, 1079 (C.D. Cal. 2015) (collecting cases).

[14] Because I deny the defendants' motion for fees on this basis, I need not and do not reach the Trustees' remaining arguments that the defendants' proffered *Lodestar* evidence is insufficient.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that **defendants' motion for attorney's fees [ECF No. 52] is DENIED; plaintiffs' motion to strike [ECF No. 57] is DENIED as moot.**

Dated this 28th day of July, 2016.

_____
Jennifer A. Dorsey
United States District Judge